UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CMC STEEL FABRICATORS, INC. d/b/a CMC CONSTRUCTION SERVICES | * | CIVIL ACTION NO. 08-0212 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| RK CONSTRUCTION, INC., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## ORDER

Plaintiff filed the above-captioned matter in federal court on the basis of diversity jurisdiction. 28 U.S.C. §1332. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*. In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). Simply alleging that a corporation is a "foreign insurer" does not establish place of incorporation for jurisdictional purposes. *Getty Oil, supra*.

For individual parties, the courts have equated domicile with citizenship. *Mas v. Perry*,

489 F.2d 1396 (5th Cir. 1974). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[1] Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because "only natural persons and corporations have a legal existence — for diversity purposes — that is not dependent on the citizenship of their constituent members." Brief of Cerberus Capital Management, L.P., *Lawson v. Chrysler LLC*, Civil Action No. 08-0019 (S. D. Miss. Dec. 18, 2008); *Lewis v. Allied Bronze, LLC, supra*; *see also*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

In this case, plaintiff's complaint fails to allege the principal place of business for defendant RK Construction Inc. or the domicile of defendant, Ronald Calhoun. (See, Compl., ¶ 1). Plaintiff also inadvertently alleged its "principal business" in lieu of its principal place of

---

[1] Under Louisiana law, a limited liability company is an unincorporated association. La. R.S. 12:1301A(10). However, the law of the state where the defendant LLC is organized may differ. If so, plaintiff shall address this issue in its amended complaint. See discussion, *infra*.

business. (Compl., preamble).[2] Furthermore, in its amended complaint, plaintiff purported to join defendant, Ambling Construction, Inc. without setting forth its state of incorporation or its principal place of business. (See, 1st. Suppl. & Amend. Compl., ¶ 1) (emphasis added).[3] Moreover, Ambling Construction Company, LLC, answered on behalf of Ambling Construction, Inc., thus effectively substituting itself as a defendant. (See, Answer [doc. # 29]). However, the record does not reveal Ambling Construction Company, LLC's members or their citizenship.[4]

Accordingly, within the next 15 days from today, plaintiff is granted leave of court to file an amended complaint which establishes diversity jurisdiction. *See*, 28 U.S.C. § 1653. If plaintiff fails to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed.R.Civ.P. 12(h)(3).

THUS DONE AND SIGNED at Monroe, Louisiana, this 29th day of June, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] Plaintiff is a Delaware corporation. *Id*.

[3] Plaintiff alleged that Ambling Construction, Inc.'s "principal place of business *in Louisiana*" was in East Baton Rouge Parish. *Id*. Clearly, however, this allegation is not equivalent to a corporation's principal place of business for purposes of diversity.

[4] Ambling Construction Company, LLC's corporate disclosure statement reveals that it is 80 percent owned by Ambling Construction Company, II, Inc., a Delaware Corporation. [doc. # 30]. If the latter corporation is a member of the former LLC, then diversity is lacking.