UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CMC STEEL FABRICATORS, INC.** d/b/a CMC CONSTRUCTION SERVICES | * | **CIVIL ACTION NO. 08-0212** |
| **VERSUS** | * | **JUDGE JAMES T. TRIMBLE, JR.** |
| **RK CONSTRUCTION, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

During an August 12, 2010, status conference with the undersigned magistrate judge, plaintiff's counsel, Mr. Stephen Chiccarelli, and defense counsel, Mr. Bob Noel, exchanged accusations regarding defendant, Ronald Calhoun's purported knowledge of the whereabouts for the last six months of former CMC Steel employee, Mitch Benefield. *See* Minutes [doc. # 124]. Counsel represented that their respective positions were supported by deposition testimony. *Id*. Accordingly, the court ordered counsel to provide copies of the depositions in question on or before close of business on August 30, 2010, and to identify the portions of the depositions which support their claims. *Id*.[1] The court cautioned that if it determined that there had been an intentional misrepresentation in connection with these proceedings, or a violation of the rules of

---

[1] Mr. Noel hand-delivered to chambers the entire August 7, 2010, deposition of Mitch Benefield, but highlighted and tabbed relevant pages, which are attached hereto as Exhibit 1. He also submitted the entire August 11, 2010, deposition of Ronald Calhoun, which is attached hereto as Exhibit 2.
   Mr. Chiccarelli electronically transmitted to chambers an August 30, 2010, letter, which is attached hereto as Exhibit 3. He also transmitted excerpts from the Dec. 3, 2008, Rule 30(b)(6) Depo. of RK Construction, Inc., through its representative, Ronald Calhoun; an August 11, 2010, deposition of Ronald Calhoun; Mitch Benefield's August 7, 2010, deposition; and David Heath's August 12, 2010, deposition. They are attached hereto as Exhibit 4, in globo.

professionalism, appropriate sanctions would be ordered. *Id*.

## Law

The federal courts possess inherent authority to suspend or disbar an attorney. *Resolution Trust Corp. v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993) (citations omitted). Courts also possess an inherent power to prevent unprofessional conduct by attorneys who appear before them. *Jackson v. U.S.*, 881 F.2d 707, 710 (9th Cir 1989). "[T]he threshold for the use of inherent power sanctions is high." *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998) (citation and internal quotation marks omitted). Furthermore, "to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) (citations omitted).

## Discussion

Upon review of the parties' deposition excerpts and an accompanying letter by Mr. Chiccarelli, it is apparent that there is no cognizable support for Mr. Chiccarelli's assertion that Ronald Calhoun knew of Mitch Benefield's location for the past six months. At Calhoun's second deposition, he not only denied any knowledge of Benefield's current employment situation, but also disavowed any contact with Benefield for the past several years. (Aug. 11, 2010, Depo. of Ronald Calhoun, pgs. 4-9).

Despite Calhoun's unequivocal inability to recall any recent association with Benefield, plaintiff's counsel emphasizes that Benefield testified at his August 7, 2010, deposition that, approximately two weeks earlier, he had been in the process of selling additional steel to Calhoun's company. (Aug. 7, 2010, Depo. of Mitch Benefield, pg. 95). From this testimony, as

well as the "multi-faceted process to obtain subcontract work on a public job,"[2] and because Calhoun acknowledged that he was the only person with his company who would have negotiated any further contracts with Mitch Benefield,[3] Mr. Chiccarelli jumps to the extraordinary conclusion that any potential interaction between Calhoun and Benefield necessarily occurred many months earlier.  (Aug. 30, 2010, Letter from Mr. Chiccarelli to the court).

Plaintiff's counsel, however, fails to identify any specific evidence to support his assertion that Benefield was in contact with Calhoun any earlier than two weeks before his August 7, 2010, deposition.  Plaintiff's counsel also neglects to acknowledge additional testimony by Benefield wherein he explained that his latest bid/quote was with Lincoln Contractors/Builders, not RK Construction.  (Benefield Depo., pgs. 97, 115-116).  Benefield did not solicit business from Calhoun.  *Id*. at 116.  In fact, Benefield stated that his only conversation with Mr. Calhoun for this job was to set up an account;  – a conversation that occurred approximately two weeks before Benefield's deposition.  *Id*. at 115.

In sum, plaintiff's counsel has not adduced any reliable evidence to support his accusation that Mr. Calhoun was aware of Mr. Benefield's location for the past six months.  Moreover, although attorney embellishment sometimes may be forgiven when uttered during the heat of the moment, Mr. Chiccarelli continues to maintain his position, despite having had the opportunity to review the pertinent depositions.  *See* Aug. 30, 2010, Letter from Mr. Chiccarelli to the court. At this juncture, Mr. Chiccarelli's accusation can only be characterized as a reckless or knowing

---

[2]  *See* Dec. 3, 2008, Rule 30(b)(6) Depo. of RK Construction, Inc., through its representative, Ronald Calhoun, pgs. 8-39.

[3]  Calhoun's Aug. 11, 2010, Depo., pg. 7.

misrepresentation to the court.

Under the circumstances, the undersigned is compelled to find that Mr. Chiccarelli's conduct violated Rule 3.3(a)(1) of the Louisiana Rules of Professional Conduct, as adopted by the Western District of Louisiana. LR 83.2.4W.[4] In so doing, he acted in bad faith. *See Crowe*, 151 F.3d at 236-237 (attorney misrepresentations constitute bad faith).

When a federal court's disciplinary rules fail to provide guidance regarding the appropriate sanction to be imposed for an attorney's transgressions, the court appropriately looks to the ABA's Standards for Imposing Lawyer Sanctions (the "ABA Standards"). *In Re Sealed Appellant*, 194 F.3d 666, 673 (5th Cir. 1999). "In imposing a sanction after a finding of misconduct, a court should consider the duty violated, the attorney's mental state, the actual or potential injury caused by the attorney's misconduct, and the existence of aggravating or mitigating factors." *Id*. (citing *inter alia*, ABA Standards, 3.0).

Applying the above considerations here, the undersigned finds that, while the duty violated was an important one, and while Mr. Chiccarelli has not acknowledged even that he was mistaken in making his unsupported assertion, there has been no actual injury caused by the misconduct; therefore, the least severe sanction which may be imposed against Mr. Chiccarelli is to admonish and exhort him not only to ensure the accuracy of his future representations to the court, but also to shun the temptation to make ill-founded accusations against opposing parties in the first instance. Mr. Chiccarelli is cautioned that any recurrence of such conduct or subsequent unreasonable and vexatious multiplication of these proceedings by him will result in the

---

[4] Rule 3.3(a)(1) states that "[a] lawyer shall not knowingly:
(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."
The Western District of Louisiana has adopted the Louisiana Rules of Professional Conduct. LR 83.2.4W.

imposition of harsher sanctions.

       IT IS SO ORDERED.[5]

       THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of September 2010.

                                                     KAREN L. HAYES
                                                   U. S. MAGISTRATE JUDGE

---

[5] As this matter is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).